UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| EUGENE GUILBAULT, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. |
| v. | ) | 15-11733-FDS |
| | ) | |
| THE ESTATE OF GREGORY JASINSKAS, JOSEPH CORBETT, CHARLES GUILBAULT, MASSACHUSETTS STATE POLICE, and TOWN OF AVON, | ) | |
| | ) | |
| Defendants. | ) | |

MEMORANDUM AND ORDER ON
DEFENDANTS' MOTIONS TO DISMISS

**SAYLOR, J.**

This is a civil rights action arising out of an incident in which two Massachusetts State Police Officers fired at plaintiff Eugene Guilbault's vehicle, striking him in the leg. The amended complaint alleges three causes of action: a claim under 42 U.S.C. § 1983 for excessive force in violation of the Fourth Amendment (Count One); a claim for common-law battery (Count Two); and a § 1983 claim for failure to train and supervise (Count Three). The named defendants are two law enforcement officers, the estate of a third law enforcement officer, the Massachusetts State Police, and the Town of Avon.

On June 10, 2015, defendants Charles Guilbault and the Town of Avon moved to dismiss the claims against them. Plaintiff responded to that motion on June 29. On July 24, 2015, the

Massachusetts State Police and the Estate of Gregory Jasinskas each moved to dismiss the claims against them. Plaintiff has not responded to either of those motions.

For the following reasons, the motions will be granted.

## I.     Background

### A.     Factual Background

The facts are set forth as alleged in the amended complaint.

On January 23, 2013, plaintiff Eugene Guilbault drove to his mother's home in Avon, Massachusetts after experiencing an anxiety attack that he contends was caused by post-traumatic stress disorder. (Am. Compl. ¶¶ 11–12). While at his mother's home, Eugene received a phone call from his brother, defendant Charles Guilbault, who is an officer in the Avon Police Department. (*Id.* ¶ 13). At his brother's request, Eugene drove to meet Charles in the parking lot of a Dunkin' Donuts. (*Id.* ¶¶ 14–15).

Upon arrival, Eugene told Charles that he was not carrying any firearms and allowed Charles to frisk his person and search his car. (*Id.* ¶ 17). After a discussion of several minutes, Eugene decided to leave the parking lot to return home. (*Id.* ¶ 18). At this time, several marked Massachusetts State Police cruisers entered the parking lot with their emergency lights activated. (*Id.* ¶ 19).

The complaint alleges that as Eugene attempted to leave, state trooper Gregory Jasinskas got out of his police cruiser and fired six rounds from his shotgun into Eugene's vehicle. One round struck Eugene in his left leg. (*Id.* ¶¶ 23–26). A second state trooper, defendant Joseph Corbett, also allegedly fired his service weapon at Eugene's vehicle. (*Id.* ¶ 27). The officers arrested Eugene and charged him with assault with intent to commit a felony, assault with a dangerous weapon, and negligent operation of a motor vehicle. (*Id.* ¶ 28).

The complaint alleges that trooper Jasinskas committed suicide on July 29, 2013. (*Id.* ¶ 30).

B. **Procedural Background**

On April 29, 2015, Eugene Guilbault filed the complaint in this action. Count One asserts a claim under 42 U.S.C. § 1983, alleging that defendant Charles Guilbault and Gregory Jasinskas used excessive force. Count Two asserts a claim for battery against defendant Joseph Corbett and the Estate of Gregory Jasinskas. Count Three asserts an additional claim under 42 U.S.C. § 1983 against defendants the Massachusetts State Police and the Town of Avon for violations of constitutional rights caused by those defendants' policies and customs.

On June 10, 2015, Charles Guilbault and the Town of Avon jointly moved to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). Eugene Guilbault filed an opposition to this motion on June 29, 2015. On July 24, 2015, the Estate of Gregory Jasinskas and the Massachusetts State Police moved separately to dismiss the claims against them under Fed. R. Civ. P. 12(b)(6). Eugene Guilbault did not file an opposition to either of these motions.

II. **Legal Standard**

On a motion to dismiss, the Court "must assume the truth of all well-plead[ed] facts and give . . . plaintiff the benefit of all reasonable inferences therefrom." *Ruiz v. Bally Total Fitness Holding Corp.*, 496 F.3d 1, 5 (1st Cir. 2007) (citing *Rogan v. Menino*, 175 F.3d 75, 77 (1st Cir. 1999)). To survive a motion to dismiss, the complaint must state a claim that is plausible on its face. *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). That is, "[f]actual allegations must be enough to raise a right to relief above the speculative level, . . . on the assumption that all the allegations in the complaint are true (even if doubtful in fact)." *Id.* at 555 (citations omitted). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a

sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Twombly*, 550 U.S. at 556). Dismissal is appropriate if the complaint fails to set forth "factual allegations, either direct or inferential, respecting each material element necessary to sustain recovery under some actionable legal theory." *Gagliardi v. Sullivan*, 513 F.3d 301, 305 (1st Cir. 2008) (quoting *Centro Medico del Turabo, Inc. v. Feliciano de Melecio*, 406 F.3d 1, 6 (1st Cir. 2005)).

## III. Analysis

### A. Charles Guilbault

Count One asserts a § 1983 claim against defendant Charles Guilbault for use of excessive force in violation of the Fourth Amendment.

In order to establish a Fourth Amendment claim based on excessive use of force, the plaintiff must show (1) that there was a "seizure" within the meaning of the Fourth Amendment; and (2) that the use of force during the seizure was unreasonable under all circumstances. *Graham v. Connor*, 490 U.S. 386, 394 (1989); *Bastien v. Goddard*, 279 F.3d 10, 14 (1st Cir. 2002). A "seizure" within the meaning of the Fourth Amendment occurs "only when there is a governmental termination of freedom of movement through means intentionally applied." *Brower v. County of Inyo*, 489 U.S. 593, 597 (1989). The governmental termination of freedom of movement can occur "by means of physical force or show of authority." *Terry v. Ohio*, 392 U.S. 1, 19 n. 16 (1968); *see also United States v. Mendenhall*, 446 U.S. 544, 554 (1980) ("Examples of circumstances that might indicate a seizure . . . would be . . . the display of a weapon by an officer . . . .").

Here, the complaint fails to allege any facts indicating that Officer Charles Guilbault used force against Eugene. Instead, the entirety of the factual allegations against Charles in the

complaint establish only (1) that Charles Guilbault is an officer of the Avon Police Department; (2) that Charles directed Eugene to meet him at a Dunkin' Donuts parking lot; and (3) that with the Eugene's consent, Charles pat-frisked him and searched his vehicle. (*Id.* ¶¶ 8, 13, 14, 17). The complaint fails to include any allegations that Charles employed force, much less excessive force. Therefore, Count One against defendant Charles Guilbault will be dismissed.

### B.     The Town of Avon

A municipality "may not be sued under § 1983 for an injury inflicted solely by its employees or agents." *Monell v. Department of Soc. Servs. of City of New York*, 436 U.S. 658, 694 (1978). "[L]iability can be imposed on a local government only where that government's policy or custom is responsible for causing the constitutional violation or injury." *Kelley v. LaForce*, 288 F.3d 1, 9 (1st Cir. 2002) (citing *Monell*, 436 U.S. at 690–91). Official municipal policy may include not just published rules but also practices "so persistent and widespread as to practically have the force of law." *Sonia v. Town of Brookline*, 914 F. Supp. 2d 36, 44 (D. Mass. 2012) (citing *Connick v. Thompson*, ––– U.S. –––, 131 S.Ct. 1350, 1359 (2011)).

Here, the complaint alleges that the customs and policies of the Town of Avon caused the constitutional violations at issue. (Am. Compl. ¶ 49). More specifically, the complaint alleges that the Town "fail[ed] to supervise its police officers to assure that its officers did not respond to domestic situations involving its own police officers' respective families." (*Id.* ¶ 37).

The Town contends that the complaint fails to state a claim against it for the simple reason that the complaint fails to state a claim against the Town's only named employee, defendant Charles Guilbault.[1] A claim for damages against a municipality based on the actions of one of its officers may not be sustained where the officer in question did not inflict a

---

[1] The claim against defendant Guilbault is discussed above in Part III.A.1.

constitutional harm on the plaintiff. *See City of Los Angeles v. Heller*, 475 U.S. 796, 799 (1986). Because plaintiff has not properly alleged a claim against defendant Charles Guilbault or any other Avon officer, Count Three against the Town will be dismissed.

### C. The Estate of Gregory Jasinskas

The Estate of Jasinskas moves to dismiss the § 1983 claim (Count One) and common-law battery claim (Count Two) against it on the grounds that both are time-barred under Massachusetts law. As noted, plaintiff did not file an opposition to that motion.

#### 1. Statute of Limitations

Section 1983 creates a "private right of action for redressing abridgments or deprivations of federal constitutional rights." *See McIntosh v. Antonino*, 71 F.3d 29, 33 (1st Cir. 1995). Section 1983 does not contain its own statute of limitations; under 42 U.S.C. § 1988, the court is to borrow a statute of limitations from the law governing the state tort most closely analogous to the claim alleged. *See McIntosh*, 71 F.3d at 33–34; *Poy v. Boutselis*, 352 F.3d 479, 483 (1st Cir. 2003).

Mass. Gen. Laws ch. 260, § 4 specifies a three-year limitations period for tort actions for assault and battery. However, the limitations period is shortened to only one year in cases where a personal injury claim is brought against an estate or the personal representative of an estate. Mass. Gen. Laws ch. 190B §3-803. [2]

The Estate contends that the complaint, filed on April 29, 2015, is untimely, as it was filed more than one year after trooper Jasinskas committed suicide on July 29, 2013, and therefore after the expiration of §3-803's one-year limitations period.

---

[2] Section 3-803 includes an exception for personal injury claims brought within three years provided that any judgment recovered may be satisfied only from the proceeds of an insurance policy or bond. *See* Mass. Gen. Laws ch. 190B §3-803(d)(2). The complaint, however, does not allege any facts indicating that the exception applies.

Plaintiff has not filed an opposition to the Estate's motion. "[I]t is within the district court's discretion to dismiss an action based on a party's unexcused failure to respond to a dispositive motion when such response is required by local rule . . . ." *NEPSK, Inc. v. Town of Houlton*, 283 F.3d 1, 7 (1st Cir. 2002).[3] Accordingly, Counts One and Two against the Estate of Jasinskas will be dismissed.

### D. The Massachusetts State Police

Count Three asserts a § 1983 claim against the Massachusetts State Police for an alleged failure to train and supervise its officers.

The Massachusetts State Police contends that it is entitled to immunity under the Eleventh Amendment of the United States Constitution.[4] Alternatively, it could also have argued that state agencies are not "persons" under 42 U.S.C. § 1983. *See Rosario–Urdaz v. Rivera–Hernandez*, 350 F.3d 219, 222 (1st Cir. 2003) (stating that "neither a State nor its officers in their representative capacities are 'persons' within the meaning of 42 U.S.C. § 1983 with respect to actions for damages."); *Johnson v. Rodriguez*, 943 F.2d 104, 108 (1st Cir. 1991) (holding state agencies may not be sued for damages in a § 1983 action). Regardless, plaintiff has also failed to file an opposition to the State Police's motion. Count Three against the Massachusetts State Police will be dismissed.

## IV. Conclusion

Based on the foregoing reasons:

1. Defendant Charles Guilbault's motion to dismiss Count One is GRANTED;

---

[3] Under Local Rule 7.1(b)(2), "[a] party opposing a motion, shall file an opposition within 14 days after the motion is served . . ."

[4] The Court does not reach the question of possible immunity. *See Rosario–Urdaz v. Rivera-Hernandez*, 350 F.3d 219, 222 (1st Cir. 2003) (courts should avoid Eleventh Amendment immunity claims if possible).

2. Defendant the Town of Avon's motion to dismiss Count Three is GRANTED;

3. Defendant the Estate of Gregory Jasinskas' motion to dismiss Counts Two and Three is GRANTED; and

4. Defendant the Massachusetts State Police's motion to dismiss Count Three is GRANTED.

**So Ordered.**

Dated: September 16, 2015

/s/ F. Dennis Saylor
F. Dennis Saylor IV
United States District Judge